UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                    :
REBECCA CASTILLO,                                                   :
                                                                    :
                                    Plaintiff,                       :          18-CV-6383 (JMF)
                                                                    :
                    -v-                                             :          ORDER REGARDING
                                                                    :          EARLY MEDIATION AND
YNAP CORPORATION, d/b/a KARL LAGERFELD, a    :          THE INITIAL PRETRIAL
Delaware Corporation,                                               :          CONFERENCE
                                                                    :
                                    Defendant.                       :
                                                                    :
-------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  07/16/2018
```

JESSE M. FURMAN, United States District Judge:

        This case has been assigned to this Court for all purposes.  In the Court's experience, cases
of this nature often benefit from early mediation.  To that end, by separate Order to be entered
today, **the Court is referring this case to the Court-annexed Mediation Program.**  Unless and
until the Court orders otherwise, the parties shall schedule a mediation to take place *before* the
initial pretrial conference scheduled below.  Further, if the parties believe that there is need for
limited discovery to facilitate the mediation, they shall confer with respect to the scope of such
discovery and promptly raise any disputes with the Court in accordance with its Individual Rules
and Practices in Civil Cases (available at http://nysd.uscourts.gov/judge/Furman).

        If the parties believe that early mediation would not be appropriate in this case, they shall
file a letter motion seeking relief from the foregoing requirements no later than the deadline to
answer.  Additionally, if the parties believe that additional time is needed for the mediation process
contemplated by this Order (for example, because of a delay in service on, or the appearance of, a
defendant or because the Court-annexed Mediation Program is unavailable to hold a mediation
before the initial pretrial conference scheduled below), the parties may file a letter motion with this
Court seeking an appropriate extension of the deadlines herein or a reasonable adjournment of the
initial pretrial conference.

        Separate and apart from the foregoing, it is hereby ORDERED that counsel for all parties
shall appear for an initial pretrial conference with the Court on **October 16, 2018,** at **3:15 p.m.** in
**Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York.
All counsel are required to register promptly as filing users on ECF.  **All counsel must familiarize
themselves with the Court's Individual Rules.**  Absent leave of Court obtained by letter-motion
filed before the conference, all pretrial conferences must be attended by the attorney who will serve
as principal trial counsel.

        Counsel are directed to confer with each other prior to the initial pretrial conference
regarding each of the subjects to be considered at a Federal Rule of Civil Procedure 16 conference
(as well as the subject discussed in Paragraph (5) below).  Additionally, in accordance with

Paragraph 2.B of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the initial pretrial conference**.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at http://nysd.uscourts.gov/judge/Furman.  Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1)     A brief statement of the nature of the action and the principal defenses thereto;

(2)     A brief explanation of why jurisdiction and venue lie in this Court.  In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists.  Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business.  In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees.  *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3)     A statement of all existing deadlines, due dates, and/or cut-off dates;

(4)     A brief description of any outstanding motions;

(5)     A brief statement of whether Plaintiff(s) intend(s) to move for preliminary certification of a collective action and, if so, a proposed briefing schedule for such a motion.  If Plaintiff(s) do/does intend to move for preliminary certification, counsel shall confer in advance of the initial pretrial conference with respect to whether Defendant(s) would be willing to consent to preliminary certification, mindful of the fact that the standard for preliminary certification is relatively low and that, after discovery (when the standard is higher), Defendant(s) may move for decertification.  *See, e.g.*, *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *10 (S.D.N.Y. Oct. 23, 2008); *see also, e.g.*, *Ack v. Manhattan Beer Distribs., Inc.*, No. 11 Civ. 5582 (CBA), 2012 WL 1710985, at *6 (E.D.N.Y. May 15, 2012) ("[W]hether the plaintiff or any putative plaintiffs are exempt or otherwise excluded from the FLSA is not a proper inquiry for the court at the collective action certification stage.  Such factual determinations should be addressed at the second stage of the certification process after the completion of discovery." (alterations and internal quotation marks omitted)).

(6)     A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement

negotiations;

(7)     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(8)     A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(9)     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.**  If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

SO ORDERED.

Dated: July 16, 2018
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

3